## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MARK E. PFEFFER, an individual; and
ROBERT B. ACREE, an individual,

        Plaintiffs,

        v.

EVERBANK, a federal savings bank,

        Defendant.

Case No. 3:17-cv-00158-SLG

## **ORDER RE MOTION TO DISMISS DECLARATORY JUDGMENT ACTION**

    Before the Court at Docket 6 is EverBank's Motion to Dismiss Declaratory Judgment Action Under Abstention and Ripeness Doctrines. The motion has been fully briefed.[1] Oral argument was held on October 16, 2017. For the following reasons, the motion will be granted.

## **BACKGROUND**

    In December 2014, EverBank loaned $28.6 million to 716 West Fourth Avenue, LLC ("716 LLC").[2] As part of the transaction, Mark Pfeffer and Robert Acree ("Plaintiffs") signed a guaranty agreement ("Guaranty") in favor of EverBank.[3] In March 2016, 716

---

[1] *See* Docket 7 (Memo.); Docket 18 (Opp.); Docket 19 (Reply).

[2] Docket 1 (Compl.) at 4, ¶ 9.

[3] *See* Docket 1-2 (Guaranty Agreement).

LLC defaulted on the loan.[4] 716 LLC, Plaintiffs, and EverBank then entered into a forbearance agreement.[5]

Based on allegations that the terms of the forbearance agreement had not been met, EverBank filed a complaint in Alaska Superior Court against 716 LLC on April 28, 2017.[6] On July 18, 2017, Plaintiffs initiated this case (the "Federal Declaratory Action") seeking declaratory relief regarding the extent of their potential liability under the Guaranty.[7] Two days later, EverBank filed its Second Amended Complaint in state court, naming the Plaintiffs in this case as additional defendants in the state court action and asserting additional claims, including claims for fraud and piercing the corporate veil.[8]

On August 18, 2017, EverBank filed the motion now before the Court—its Motion to Dismiss Declaratory Judgment Action. EverBank asks this Court to decline to exercise jurisdiction in this case under the abstention doctrine or to dismiss this case based on the ripeness doctrine.[9]

---

[4] Docket 1 at 5, ¶ 11.

[5] *See* Docket 1-4 (Forbearance Agreement).

[6] *See* Docket 6-1 (EverBank's State Court Compl.). The original state court complaint also named Cellco Partnership d/b/a Verizon Wireless as a defendant based on its lease agreement with 716 LLC of the building's rooftop. On May 15, 2017, EverBank filed an amended complaint in the state court action, removing Cellco Partnership as a defendant. *See* Docket 6-2 (EverBank's Amended State Court Compl.).

[7] Docket 1. In this Federal Declaratory Action, Plaintiffs seek declarations that the Guaranty (1) specifies only the maximum amount of potential liability and does not fix that potential liability at 25 percent of the loan balance; and (2) provides that the formula used to calculate the potential liability must be based on the re-acceleration date.

[8] Docket 6-3 (EverBank's State Court Second Am. Compl.) at 15–18.

[9] Docket 7 at 2.

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 2 of 9

**JURISDICTION**

Plaintiffs and EverBank are residents of different states and the amount in controversy exceeds $75,000. Therefore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under diversity jurisdiction, the Court applies federal procedural law and Alaska substantive law.[10]

**DISCUSSION**

"When ruling on a motion to dismiss, [a court] may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'"[11] The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[12]

1. **Abstention Doctrine**

"[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court."[13] In determining whether to abstain from issuing a declaratory judgment, a federal court considers the three factors articulated by the Supreme Court in *Brillhart v. Excess Ins. Co.*: [(1)] "avoiding needless determination

---

[10] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[11] *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). The Court takes judicial notice of the state court pleadings appended to EverBank's motion. *See* Federal Rule of Evidence 201.

[12] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 518 F.3d 1025, 1031 (9th Cir. 2008).

[13] *Chamberlin v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 3 of 9

of state law issues; [(2)] discouraging forum shopping; and [(3)] avoiding duplicative litigation."[14] In *Allstate v. Herron*, the Ninth Circuit identified additional factors for a district court to consider, including whether retaining jurisdiction would: "resolve all aspects of the controversy in a single proceeding; . . . serve a useful purpose in clarifying the legal relations at issue; . . . permit one party to obtain an unjust res judicata advantage; . . . risk entangling federal and state court systems; or . . . jeopardize the convenience of the parties."[15] The Court now turns to consideration of these factors.

*a. Determination of State Law Issues*

The Guaranty at issue provides that it "will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Alaska without regard to its conflicts-of-laws provisions."[16] The interpretation of the two Guaranty terms at issue in this case appear to present solely issues of contract interpretation under Alaska law. Plaintiffs have not identified any issue regarding federal law; they acknowledge "[i]t is unclear whether federal law may be implicated by the contractual clauses in question."[17] Accordingly, retaining jurisdiction would require this Court to decide basic issues of state contract law. This factor weighs in favor of abstaining.

---

[14] *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)) (internal citations omitted).

[15] 634 F.3d 1101, 1107 (9th Cir. 2011).

[16] Docket 1-2 at 6.

[17] Docket 18 at 15.

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 4 of 9

### *b. Forum Shopping*

EverBank filed its action in state court in April 2017, three months before Plaintiffs filed this Federal Declaratory Action.[18] But Plaintiffs note that this federal case "was the first action filed involving Plaintiffs or the Guaranty."[19] "Timing is only one consideration when deciding whether to entertain a declaratory judgment action, and the *Wilton*/*Brillhart* factors sometimes compel a court to decline to entertain an earlier-filed action in favor of a later-filed action."[20]

Plaintiffs filed this federal action two days before EverBank filed its Second Amended Complaint in state court that added Plaintiffs as parties to that lawsuit and added allegations similar to those made in this Federal Declaratory Action. However, as guarantors of 716 LLC's note, Plaintiffs were likely unsurprised when they were named as defendants in the state case. Plaintiffs had been in negotiations with EverBank for many months prior to initiating this action. 716 LLC's counsel also represents Plaintiffs in this case. Plaintiff Robert Acree is the majority owner of 716 LLC; Plaintiff Mark Pfeffer is the LLC's acting manager.[21] Plaintiffs' initiation of this action is not inconsistent with forum shopping. This factor weighs in favor of abstaining from issuing a declaratory judgment.

---

[18] Docket 7 at 9.

[19] Docket 18 at 16.

[20] *R.R. Street*, 656 F.3d at 976.

[21] Docket 1-1 at 6. *See also* Docket 19-1 (Email from EverBank's counsel to Plaintiffs' counsel) at 1 (stating EverBank was planning to "amend[] the [state court] complaint to add new defendants," sent four days before Plaintiffs filed this Federal Declaratory Action).

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 5 of 9

### *c. Duplicative Litigation*

EverBank asserts that the state court and federal court actions both involve the same parties and same issues and that the state court action "is a more comprehensive proceeding."[22] Plaintiffs respond that they are seeking a "quick and clear declaration" of two specific issues that should not be delayed while the state court action addresses "myriad other issues."[23]

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[24] However, "a district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present opportunity for ventilation of the same state law issues.'"[25]

Plaintiffs cite *Allstate Ins. Co. v. Herron* as support for not abstaining.[26] In *Herron*, Allstate brought a federal court action seeking a declaratory judgment that it had not breached its insurance contract with Herron, the insured, with respect to a claim by an injured party against Herron. Herron then confessed judgment to the injured party and assigned its rights against Allstate to the injured party. The injured party brought a tort claim in state court against Allstate in an attempt to collect under Herron's assigned rights.

---

[22] Docket 7 at 11.

[23] Docket 18 at 12.

[24] *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (citations omitted).

[25] *R.R. Street*, 656 F.3d at 975 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995)).

[26] Docket 18 at 14 (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1108 (9th Cir. 2011)).

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 6 of 9

Herron asked the federal court to decline jurisdiction, but the district court denied the motion and retained jurisdiction. The Ninth Circuit affirmed. It held that the district court's sole task was to resolve the "straightforward contract dispute between Allstate and Herron."[27] There was little risk of entanglement with the state court case because "[t]he issues in [the federal] suit and the tort suit overlap solely because [the third-party] rights against Allstate are entirely derivative of Herron's rights under his insurance agreement."[28] Since the "district court decided no issues of Alaska law outside of that defining Herron and Allstate's contractual relationship," the Ninth Circuit held that the district court did not abuse its discretion in retaining jurisdiction.[29]

In this case, "Plaintiffs seek a declaration that the particular provision of the guaranty at issue sets a maximum amount of potential liability, but does not fix such liability."[30] "Plaintiffs [also] seek a declaration that the formula [in the Guaranty] must be calculated as of the date that the loan is re-accelerated."[31] EverBank's Second Amended Complaint in state court seeks a declaratory judgment "that the Guaranty Agreement obligates [Plaintiffs] to pay for any judgment entered against 716 [LLC] in [the state court] lawsuit."[32] Each case seeks a judicial interpretation of the legal import of the Guaranty. This case is unlike *Herron* in that the two issues before this Court are substantially the

---

[27] *Herron*, 634 F.3d at 1108.

[28] *Id.*

[29] *Id.*

[30] Docket 1 at 2

[31] Docket 1 at 2.

[32] Docket 6-3 at 17; *see also* Docket 1-2 (Guaranty Agreement) at 2, § 1(c).

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 7 of 9

same as the guaranty claim that is now among those pending before the state court. But the state case contains many other causes of action and additional parties. If this Court retained jurisdiction, the two discrete contract interpretation claims in this case would be separated from the remainder of the parties' dispute. Proceeding with this case would clearly amount to "piecemeal litigation" that could be readily avoided by abstaining.[33] Accordingly, this third *Brillhart* factor weighs in favor of dismissal.

### d. Additional factors

None of the additional factors identified by the Ninth Circuit in *Herron* weigh in favor of this Court retaining jurisdiction.[34] First, a decision by this Court would not "resolve all aspects of the controversy in a single proceeding;" nor would it "serve a useful purpose in clarifying the legal relations at issue." Although a decision in this case could resolve the legal status of the Plaintiffs as guarantors, it would not fully resolve Plaintiffs' legal status with respect to EverBank, given the other legal theories that EverBank has pleaded against Plaintiffs in the state court action. Whether retaining jurisdiction would "permit one party to obtain an unjust res judicata advantage" relates to forum shopping and, as discussed above, weighs in favor of abstaining in this case.[35] Retaining jurisdiction would also cause a high "risk [of] entangling federal and state court systems" due to the overlapping nature of the pending state court action. Finally, although both trial courts are located in Anchorage, Alaska, exercise of jurisdiction by this Court would have some

---

[33] *Colorado River*, 424 U.S. at 818.

[34] *See Herron*, 634 F.3d at 1107 (listing additional factors to consider).

[35] *See supra* notes 13–15 and accompanying text.

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 8 of 9

impact on "the convenience of the parties."[36] Based on the foregoing, the Court will exercise its discretion and abstain from exercising jurisdiction in this declaratory judgment action.[37]

**CONCLUSION**

Therefore, IT IS ORDERED that EverBank's Motion to Dismiss Declaratory Judgment Action at Docket 6 is GRANTED, and this action is DISMISSED without prejudice.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 30th day of October, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] As noted by EverBank at oral argument, if this Court were to retain jurisdiction, then an appeal of a decision in this case to the Ninth Circuit could be quite disruptive to the parties' ability to efficiently resolve the state court dispute.

[37] In light of the dismissal based on abstention, the Court does not reach the ripeness issue.

Case No. 3:17-cv-00158-SLG, *Pfeffer et al v. EverBank*
Order re Motion to Dismiss
Page 9 of 9